## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CRYSTAL THACKER WOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:13CV441 |
| v. | ) | 1:11CR413-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for screening of Petitioner's pro se form Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry 19).[1]  For the reasons that follow, the Court should deny Petitioner's instant Motion.

### BACKGROUND

Petitioner pleaded guilty to one count each of bank fraud, 18 U.S.C. § 1344(2), and aggravated identity theft, 18 U.S.C. § 1028A(a)(1). (See Docket Entry dated Feb. 9, 2012; see also Docket Entries 1, 10.)  The Court (per United States District Judge Thomas D. Schroeder) thereafter sentenced Petitioner to consecutive terms of eight and 24 months in prison for those offenses (with a reporting date of August 7, 2012) and entered judgment accordingly. (See Docket Entry dated June 12, 2012; Docket Entries 16, 18.)

---

[1]  Parenthetical citations refer to Docket Entries in Petitioner's underlying criminal case, No. 1:11CR413-1.

Petitioner chose not to appeal.  (See Docket Entry 17; see also Docket Entry 19 at 2 (¶ 8).)  Subsequently, Petitioner filed the instant Motion, which she dated as signed and submitted to prison officials for mailing on May 19, 2013 (Docket Entry 19 at 9) and which the Court stamped filed on May 22, 2013 (see id. at 1).

DISCUSSION

In response to the instruction on the Section 2255 motion form directing Petitioner to "state every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States" (id. at 4), Petitioner alleged:

> My daughter . . . has been in the care of her father
> . . . and his wife . . . since I reported to prison.  On
> April 10, 2013, I was called into my Case Manager['s]
> . . . office to receive a phone call from . . . a Case
> Worker with the Alamance County (NC) Department of Social
> Services.  She reported that [my daughter's] father and
> wife was [sic] under a 45-day investigation for suspected
> physical abuse of my daughter.  School officials had
> observed changes in my daughter's behavior that caused
> concer [sic] and an increased level of observation, that
> was followed by [my daughter] coming to school with
> bruises on her body.  [The Case Worker] reported that it
> is apparent that [my daughter] is being subjected to
> excessive discipline by her father's wife, and that [the
> Case Worker] is recommending that [my daughter] receive
> individual therapy, and family therapy with her father
> and his wife.  There will be no ongoing monitoring by
> [the Department of Social Services].  This is the second
> time something like this has happened.  I did not involve
> the authorities when [the wife of my daughter's father]
> open-handedly slapped [my daughter] on the face in or
> around May/June 2011.  As a result of the meeting we had
> about the indicent [sic], [my daughter's father] would
> not allow [my daughter] to be alone with his wife.  This
> was effective, until now.
>
> There is no other family member who could be [my
> daughter's] physical custodian/guardian until I am

-2-

released from prison.  If there is another incident, it is likely [my daughter] will be removed from her father's home, and placed in foster care.  This would be devastating not only to [my daughter], but me as well. <u>I fear for my daughter's safety, and physical and emotional well-being, and yet, can do nothing to protect her from prison</u>.

<u>Were I able to serve the remainder of my sentence in the community, I would be able to provide day-care in my home</u> for up to five children, as I did before being incarcerated.  <u>The income generated would enable me to make full restitution in a much shorter time</u>, having a significantly greater earning capacity than I have here, where I'm paid an average of $28 per month.

I respectfully <u>request this Court deem the situation with my daughter to be a mitigating factor that ustifies [sic] a variance below the 24-month statutory minimum/maximum sentence for Aggravated Identity Theft, and order the remaining sentence to be served in the community, i.e., home confinement with electronic monitoring</u>, and any further relief ordered by the Court.

(<u>Id.</u> at 4-5 (emphasis added); <u>see also</u> <u>id.</u> at 9 (requesting as relief that the Court "[m]odify the sentence by variance to below the 24-month minimum/maximum statutory sentence [and] order the remaining sentence to be served by home confinement with electronic monitoring").)

Section 2255 provides in relevant part that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that <u>the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack</u>, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).  "The judge who receives [such a] motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  Rule 4(b), Rules Governing Sect. 2255 Proceedings.

In this case, it plainly appears from the face of Petitioner's instant Motion and the record that Section 2255 entitles her to no relief.  Simply put, Petitioner has not alleged that her "sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a); to the contrary, Petitioner merely contends that circumstances arising since the imposition of her sentence warrant its modification.  Such contentions do not state a cognizable claim under Section 2255.  See United States v. Addonizio, 442 U.S. 178, 186-87 (1979) ("There is no claim of a constitutional violation; the sentence imposed was within the statutory limits; and the proceeding was not infected with any error of fact or law of the 'fundamental' character that renders the entire proceeding irregular and invalid.  The absence of any error of this nature or magnitude distinguishes [the petitioner's] claim from those in prior cases . . . in which collateral attacks

were permitted. . . . Our prior decisions, then, provide no support for [the petitioner's] claim that he is entitled to relief under § 2255. According to all of the objective criteria - federal jurisdiction, the Constitution, and federal law - the sentence was and is a lawful one. And in our judgment, there is no basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error . . . .").

Nor does any other statute or rule afford any authority for the Court to grant the sentence modification requested by Petitioner. To the contrary, federal law expressly provides that:

> <u>The [C]ourt may not modify a term of imprisonment once it has been imposed except</u> that--
>
> (1) in any case--
>
> (A) the [C]ourt, <u>upon motion of the Director of the Bureau of Prisons</u>, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the [C]ourt may modify an imposed term of imprisonment to the extent otherwise <u>expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure</u>; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on <u>a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)</u>, upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c) (emphasis added).

None of the foregoing exceptions to Section 3582's general bar against sentence modification apply in this case. First, Petitioner, not the Director of the Bureau of Prisons, filed the instant Motion and thus Subparagraph (c)(1)(A) of Section 3582 lacks any application. Second, Subparagraph (c)(1)(B) of Section 3582 does not afford grounds for the Court to act because: 1) for reasons set forth above, the statute invoked by Petitioner does not permit relief in this case and the undersigned Magistrate Judge knows of no other statute that would allow the requested modification;[2] and 2) more than 14 days have past since Petitioner's sentencing, <u>see</u> Fed. R. Crim. P. 35(a), and the United

---

[2] In this regard, the undersigned Magistrate Judge notes that, because Petitioner made no claim of clerical error in her judgment, Federal Rule of Criminal Procedure 36 has no bearing on this case.

States has not moved for a reduction based on her substantial assistance, see Fed. R. Crim. P. 35(b), such that Federal Rule of Civil Procedure 35 fails to provide any basis for relief. Third, Petitioner does not contend that the Sentencing Commission has lowered any provision that affected her advisory sentencing range and, therefore, Paragraph (c)(2) of Section 3582 does not apply.

The Court can find support for the foregoing analysis in United States v. Fraley, 988 F.2d 4 (4th Cir. 1993). In that case, shortly after reporting to prison, a defendant "asked the [sentencing] court to modify his sentence from ten months in prison to five months in prison and five months of . . . community confinement or home detention. As justification, [he] informed the court that his father was very ill and . . . [he] wished to be released in order to take up the family business, in part to help his father and in part to help pay his restitution." Id. at 5. The sentencing court granted the modification and the United States appealed. See id. In reversing, the Fourth Circuit pointed to Section 3582's careful circumscription of authority to modify imposed sentences, deemed Federal Rule of Criminal Procedure 35 the only plausible authority under the circumstances presented, and then explained that Congress and the United States Supreme Court (through legislation and the rules-making process) had placed very strict limits on the ability of courts to employ Federal Rule of Criminal Procedure 35 to modify imposed sentences. See id. at 6-7.

More specifically, the Fourth Circuit decreed that, as amended, Federal Rule of Criminal Procedure 35 "was not intended to permit a district court simply to change its mind about the appropriateness of the sentence . . . [or] to modify a defendant's sentence based upon new factual information not known to the defendant at the time of sentencing.  Such a formulation would defeat Congress' intent to provide finality in sentencing and would create an unacceptably large realm of postsentencing discretion." Id. at 7 (internal citation and quotation marks omitted). Accordingly, the Fourth Circuit reversed the modification of the defendant's sentence because "the district court, once confronted with the new evidence of [his] family business situation, simply changed its mind about the continued appropriateness of [the] sentence.  The court identified no error in [the defendant's] original sentence, and consequently it needed no correction." Id. The same analysis forecloses Petitioner's request for relief.

Finally, even if some procedural vehicle did exist that generally permitted the Court to revisit imposed sentences under circumstances of the sort identified by Petitioner, "§ 1028A prescribes a mandatory two-year penalty for aggravated identity theft.  The district court possesse[s] no discretion to sentence below the statutory mandatory sentence." United States v. Gatling, 355 F. App'x 755, 755 (4th Cir. 2009).  Petitioner's instant Motion fails as a matter of law on this ground as well.

## CONCLUSION

Petitioner asserts no cognizable claim under 28 U.S.C. § 2255 and no other authority permits the Court to modify her sentence.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry 19) be denied.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 11, 2013